IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT WILSON,
    Plaintiff,

v.                                                              Civil Action No. 3:22cv556 (DJN)

DEPUTY O'BRYANT, *et al.*,
    Defendants.

## **MEMORANDUM OPINION**

Vincent Wilson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Wilson's failure to timely serve Defendant Daley.

Under Federal Rule of Civil Procedure 4(m),[1] Plaintiff had 90 days to serve Defendants. Here, that period commenced on April 10, 2023. By Memorandum Order entered on that date, the Court directed the Marshal to serve the Defendants, at the street address for the Defendants. (ECF No. 23, at 2.) On May 5, 2023, the summons for Defendant Daley was returned unexecuted. (ECF No. 25, at 3.) By Memorandum Order entered on August 8, 2023, the Court directed Wilson to show good cause for his failure to timely serve Defendant Daley. (ECF No. 36.) Wilson has filed a response. (ECF No. 37.)

---

[1] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond plaintiffs' control frustrate their diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist, such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when weighing whether good cause exists, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Wilson claims that "defendants and lawyers have been filing this in my case behind my back" and that he did not receive the USM 285 form. (ECF No. 37, at 1, 2.) However, on May 24, 2023, the served Defendants filed a Motion to Dismiss (ECF No. 26), which Wilson clearly received on May 28, 2023. (ECF No. 28, at 2.) Wilson also claims that he called the Clerk on

May 26, 2023, and the Clerk "sent me all of the filings and orders in the mail." (ECF No. 37, at 1.) Thus, at that juncture, Wilson should have been aware that Defendant Daley had not been served and should have promptly provided the Court with an address so that the Marshal could attempt service. That was nearly three months ago. Wilson fails to show good cause through this argument.

Second, Wilson claims that he is unable to serve Defendant Daley because he is incarcerated, and that at any rate, it is not his obligation to serve Defendants, because he is proceeding *in forma pauperis*. (*Id.* at 1–2.) That is simply untrue. Even though Wilson is proceeding *pro se*, it was his responsibility to find an address where Defendant Daley could be served and send it to the Court. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding *in forma pauperis* retain responsibility for providing address at which service can be effectuated).

In sum, Wilson fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Accordingly, all claims against Defendant Daley will be DISMISSED WITHOUT PREJUDICE.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

An appropriate Order shall issue.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: September 5, 2023

3