IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT WILSON,
    Plaintiff,

v.                                                                            Civil No. 3:22cv556 (DJN)

DEPUTY O'BRYANT, *et al.*,
    Defendants.

**MEMORANDUM OPINION**

Vincent Wilson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U. S. C. § 1983.[1] The matter is now before the Court on the Motion to Dismiss filed by Defendants.[2] (ECF No. 26.)[3] Instead of filing a response, Wilson filed a Motion for Leave to File an Amended Complaint, accompanied by a Proposed Amended Complaint. (ECF No. 32.) Defendants oppose the motion. (ECF No. 35.) For the reasons

---

[1]     The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2]     The remaining Defendants are Deputy O'Bryant, Deputy Hill and Lieutenant Howerton ("Defendants"), who all work at the Arlington County Detention Facility. By Memorandum Order entered on April 10, 2023, the Court dismissed any claims against Defendant Arthur. (ECF No. 23, at 1–2.) By Memorandum Opinion and Order entered on September 5, 2023, the Court dismissed any claims against Defendant Daley. (ECF Nos. 38, 39.)

[3]     The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the punctuation, spelling and capitalization and omits the emphasis in quotations from the parties' submissions.

stated below, the Motion to Dismiss will be DENIED and Wilson's Motion for Leave to File an Amended Complaint will be GRANTED.

## I. STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.*, stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. For a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), the Court will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. WILSON'S ALLEGATIONS

In his Particularized Complaint, (ECF No. 19), Wilson alleges that he was scheduled for an outside medical appointment, and to get him ready, Deputy O'Bryant, Deputy Hill and Lieutenant Daley placed handcuffs with a leather restraint belt on Wilson, and the handcuffs were too tight. (*Id.* at 2.) After Wilson explained that the cuffs were too tight, Deputy Hill took the cuff off Wilson's left wrist. (*Id.* at 3.) Wilson said he would "like to talk to someone in a higher authority and backed away from the cell door. . . but Defendants Hill, Deputy O'Bryant and Daley grabbed and pulled the belt," and Defendant Howerton came to help them. (*Id.*) Wilson contends that all he "was trying to do was move away from the cell door and back up into my cell." (*Id.*) The Defendants "pulled and tr[ied] to bend [Wilson's] fingers and arm" and Wilson "suffered scrapes, scratches, and bruises and blood" on his right arm, and a swollen wrist. (*Id.* at 3–4.) Wilson's appointment was rescheduled, and he never received medical care that day despite asking. (*Id.* at 4.) "Days or a day later medical was finally called and brought me ointment and bandages." (*Id.*) Wilson raises the following claims:

> Claim One: Defendants used excessive force against Wilson in violation of the Eighth Amendment. (*Id.* at 4–5.)

3

    Claim Two:    Defendants' conduct "constituted the tort of assault and battery." (*Id.* at 5.)

    Claim Three:    Defendants failed to provide Wilson with medical care "which constituted deliberate indifference to [his] medical needs in violation of the Eighth Amendment." (*Id.*)

    Claim Four:    Defendant failure "to provide follow-up treatment [for his injuries] constitutes the tort of negligence." (*Id.*)

Wilson requests a declaratory judgment and monetary damages. (*Id.*)

### III. ANALYSIS

Defendants argues that: 1) Wilson has failed to exhaust his administrative remedies; 2) Wilson fails to state a claim of deliberate indifference or a claim of assault and negligence; and 3) that they are entitled to sovereign and qualified immunity. As discussed below, in their current form, all three arguments do not persuade the Court.

#### A. Exhaustion

Defendants argue that Wilson failed to exhaust his administrative remedies, because Wilson indicated and "as a review of the inmate file reveals, Wilson did not file any grievance related to the incident of July 13, 2022." (ECF No. 27, at 4.) Defendants cite to a Declaration of Captain Gelabert and attached exhibits to support this proposition. (*Id.*) This argument is insufficient for several reasons. First, Defendants fail to point to any prison procedure that outlines how Wilson must pursue grievances for proper exhaustion. Second, Wilson was not required to demonstrate exhaustion of his administrative remedies on the face of his complaint. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). This is not one of "the rare, exceptional instances where administrative exhaustion [is] apparent on the complaint's face," which would allow the Court to dismiss the action at this juncture. *Id.* at 362. Therefore, Defendants have failed to show a lack of exhaustion on this record.

4

Moreover, because the exhaustion of administrative remedies constitutes an affirmative defense, Defendants bear the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, this Court cannot review extrinsic evidence under Federal Rule of Civil Procedure 12(b)(6). "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). Nevertheless, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006).

The Court declines to review the declaration in the context of a Motion to Dismiss. When reviewing a motion to dismiss, the Court may consider materials outside of the pleadings if the materials are "integral to and explicitly relied on in the complaint." *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009). Defendants fail to explain how the declaration of Captain Gelabert and the attached exhibits could be "integral to" allegations in the Particularized Complaint. Further, Defendants fail to point to any controlling authority that would permit this Court to review the declaration and the accompanying exhibits in the context of a motion to dismiss. In sum, the Court will not review the declaration or exhibits in assessing the propriety of the Particularized Complaint under Federal Rule of Civil Procedure 12(b)(6).[4]

---

[4] The Court finds it inappropriate at this juncture to convert the motion under Fed. R. Civ. P. 12(b)(6) into a Motion for Summary Judgment under Fed. R. Civ. P. 56. "[C]onversion of a motion to dismiss to one for summary judgment requires that '[a]ll parties must be given a

Accordingly, Defendants have not established that Wilson failed to exhaust his administrative remedies based on their current arguments.[5]

### B.      Failure to State a Claim

At this juncture, the Court must presume the truth of all Wilson's well-pleaded allegations. *Mylan Labs., Inc.*, 7 F.3d at 1134. Defendants address Wilson's claims under the Eighth Amendment standard for excessive force. However, from the record, it appears that Wilson was a pretrial detainee at the time, and the Eighth Amendment would not govern. Additionally, with respect to Defendants' argument that they used no excessive force against Wilson when they used handcuffs, and that they were not deliberately indifferent to Wilson's medical needs, the Court already determined that Wilson stated a claim for relief sufficient to survive the Court's screening obligations. (*See* ECF No. 23, at 1.) Finally, as explained above, Defendants rely on extrinsic evidence to support their arguments, and the Court will not consider this evidence in the context of Fed. R. Civ. P. 12(b)(6).[6]

---

reasonable opportunity to present all the material that is pertinent to the motion.'" *Bala v. Comm. of Va. Dep't of Conserv. & Recr.*, 532 F. App'x 332, 334 (4th Cir. 2013). Therefore, "such conversion is not appropriate where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). At this juncture, Wilson has not had an opportunity to present all materials pertinent to a motion for summary judgment. *See Bala*, 532 F. App'x at 334. Given Wilson's *pro se* status, it is appropriate to consider the evidence on summary judgment after Wilson has been fairly apprised of his need to respond with specific facts. Accordingly, the Court declines to convert the Motion to Dismiss to a Motion for Summary Judgment because of the lack of a fully developed factual record before the Court. *See Finley Lines Joint Protective Bd. Unit 200, Bhd. Ry. Carmen v. Norfolk S. Corp.*, 109 F.3d 993, 996 (4th Cir. 1997) (explaining that "conversion takes place at the discretion of the court").

[5]      Notably, in the Proposed Amended Complaint, Wilson explains that he could not exhaust his administrative remedies, because he was on grievance restriction. "An administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

[6]      Because the Court will allow Wilson to amend his complaint, the Court will not address Wilson's state law claims at this time.

6

### C. Immunity Arguments

#### 1. Sovereign Immunity

Defendants argue that "[t]o the extent there are any tort claims . . . they are immune." (ECF No. 27, at 9.) This is an oversimplification of the defense of sovereign immunity. While sovereign immunity might be available with respect to claims of simple negligence, such protection "is not available to a defendant whose culpability extends beyond mere negligence." *McLenagan v. Karnes*, 27 F.3d 1002, 1008 n.10 (4th Cir. 1994); *see Cromartie v. Billings*, 837 S.E.2d 247, 254 (Va. 2020) ("Virginia's sovereign immunity doctrine protects officers only for simple negligence. Sovereign immunity does not protect one who acts 'wantonly, or in a culpable or grossly negligent manner.'"). Wilson has alleged that Defendants' conduct extends beyond mere negligence. Therefore, on the current record, Defendants have not demonstrated that they are entitled to sovereign immunity.

#### 2. Qualified Immunity

Finally, Defendants argue that they are entitled to qualified immunity. A defendant invoking qualified immunity must do more than mention its existence and demand dismissal of the suit. The defendant must (1) identify the specific right allegedly violated "at the proper level of particularity," *Campbell v. Galloway*, 483 F.3d 258, 271 (4th Cir. 2007), (2) brief, with full supporting authority, why the right was not so clearly established as to put a reasonable official on notice of any legal obligations and (3) describe with particularity the factual basis supporting the assertion that a reasonable official in the defendant's situation would have believed his conduct was lawful. *Collinson v. Gott*, 895 F.2d 994, 998 (4th Cir. 1990). For any aspect of Wilson's claims for which Defendants assert that they are entitled to qualified immunity, they must comply with the above directions.

### IV. MOTION TO AMEND AND MOTION TO DISMISS CLAIMS

Wilson has filed a Motion for Leave to File an Amended Complaint, (ECF No. 32), and attached his Proposed Amended Complaint, (ECF No. 32-1). Wilson indicates that he seeks leave to amend, because he originally "made some legal claims as if he was a convicted prisoner," but that "[s]ince the filing of the complaint [he] has determined that . . . [he] was a pretrial detainee at the time of the event and therefore is protected by the Due Process Clause of the Fourteenth Amendment." (ECF No. 32, at 1.) Wilson also indicates that he would "like to change and add legal claims." (*Id.*) Defendants oppose the motion, arguing that it is futile to allow Wilson to amend, because several of his claims make little sense and because the arguments in support of the Motion to Dismiss would still apply. (ECF No. 35, at 1–2.) The Court has already determined that the Motion to Dismiss is not persuasive. While some of Wilson's claims may make little sense, "[t]he Court should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Court will allow Wilson to amend. Accordingly, the Court will GRANT the Motion for Leave to File an Amended Complaint, (ECF No. 32). The Amended Complaint, (ECF No. 32-1), SUPPLANTS all other prior complaints, meaning that the Court will only consider the Amended Complaint, and will not consider any complaint that Wilson filed previously.

Wilson has also filed a Motion to Dismiss Claims Against Deputy O'Bryant. (ECF No. 40.) The Motion to Dismiss Claims Against Deputy O'Bryant (ECF No. 40) will be GRANTED to the extent that the claims against Deputy O'Bryant are DISMISSED WITH PREJUDICE.

### V. CONCLUSION

For the foregoing reasons, the Court will DENY the Motion to Dismiss, (ECF No. 26),

8

and will GRANT the Motion to Amend, (ECF No. 32). The Clerk will be DIRECTED to file the Amended Complaint. (ECF No. 32-1.) Any party wishing to file a motion for summary judgment should do within sixty (60) days of the date of entry hereof.[7] Any motion for summary judgment must cite the correct jurisprudence for the claims brought by Wilson. *See Seifried v. Lt. Sample*, 2022 WL 3635428, at *3 (E.D. Va. Aug. 23, 2022) (denying motion for summary judgment for inadequate briefing). The Motion for Judgment or For Defendants to File an Answer, (ECF No. 41), will be DENIED.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Wilson.

An appropriate Order shall issue.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: September 27, 2023

---

[7] Plaintiff is advised that the Court will not consider as evidence in opposition to any motion for summary judgment a memorandum of law and facts that is sworn to under penalty of perjury. Rather, any verified allegations must be set forth in a separate document titled "Affidavit" or "Sworn Statement," and reflect that the sworn statements of fact are made on personal knowledge and that the affiant is competent to testify on the matter stated therein. Fed. R. Civ. P. 56(c)(4).